IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| J. ANTONIO MUNOZ and ANIBAL ANGELITO, on behalf of themselves, and other persons similarly situated, known and unknown,<br><br>Plaintiffs,<br><br>v.<br><br>G & J INVESTMENTS, LTD, d/b/a PAPPY'S and GEORGE PAPPAS, Individually,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.<br>Judge  FILED: APRIL 23, 2008<br>08CV2310     PH<br>JUDGE COAR<br>MAGISTRATE JUDGE KEYS |

## COMPLAINT

Plaintiffs J. Antonio Munoz and Anibal Angelito ("Plaintiffs"), on behalf of themselves and other persons, known and unknown, through their attorneys, for their Complaint against Defendants G & J Investments, LTD, d/b/a Pappy's ("G & J") and George Pappas ("Pappas"), individually, (collectively, "Defendants") state as follows:

**NATURE OF PLAINTIFFS' CLAIMS**

1.  This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.* ("IMWL"), for Defendants' failure to pay overtime wages to Plaintiffs, and other similarly situated employees, for all time worked in excess of forty (40) hours in individual work weeks. Defendants' unlawful compensation practices have (and have had) the effect of denying Plaintiffs, and other similarly situated employees, their earned and living wages. A copy of Plaintiffs' Consent to

bring their claim for unpaid overtime wages under the FLSA as a representative action is attached hereto as Group Exhibit A.

**PARTIES**

2. At all material times hereto, Plaintiffs were employed by Defendants as "employees" within the meaning of the FLSA, 29 U.S.C. §203(e)(1) and the IMWL, 820 ILCS §105/1 *et seq.*

3. Plaintiffs reside in and are domiciled within this judicial district.

4. During the course of their employment, Plaintiffs engaged in commerce or in the production of goods for commerce.

5. At all material times hereto, Defendants were Plaintiffs' "employer" subject to the FLSA, 29 U.S.C. §203(d) and the IMWL, 820 ILCS §105/3(c).

6. Defendant G & J is an Illinois corporation doing business within the state of Illinois.

7. Defendant G & J has had two or more employees, including Plaintiffs, who handle goods that moved in interstate commerce.

8. Defendant G & J is an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

9. Defendant G & J's principal place of business is located within this judicial district.

10. Defendant Pappas is President of G & J Investments, LTD, d/b/a Pappy's and is owner of Pappy's Restaurant in Evergreen Park, IL. He is involved in the day-to-day business operations of Pappy's. Among other things, Defendant Pappas has the authority to hire and fire

employees, to direct and supervise the work of the employees, sign on the checking accounts, including payroll accounts, and participate in decisions regarding employee compensation and capital expenditures. Defendant Pappas is an "employer" as defined by the FLSA, 29 U.S.C. §203(d) and the IMWL, 820 ILCS 105/3(c).

11. Defendant Pappas resides in this judicial district.

**JURISDICTION AND VENUE**

12. This Court has jurisdiction over Plaintiffs' FLSA claim pursuant to 28 U.S.C. §1331. Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

**COUNT I**
**Violation of the Fair Labor Standards Act -Overtime Wages**
**(Plaintiffs, on behalf of themselves and others similarly situated)**

Plaintiffs hereby reallege and incorporate paragraphs 1 through 12 of this Complaint, as if fully set forth herein.

13. This count arises from Defendants' violation of the FLSA, 29 U.S.C. §201, *et seq.*, for their failure to pay overtime wages to Plaintiffs, and other similarly situated employees, for all time worked in excess of forty (40) hours in individual work weeks.

14. Plaintiffs performed a variety of job duties and responsibilities for Defendants within this judicial district. During the course of their employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

15. During the course of Plaintiffs' employment with Defendants, Defendants directed Plaintiffs to work, in excess of forty (40) hours in individual work weeks and Plaintiffs customarily did work in excess of fifty (50) hours in individual work weeks.

16. Defendants directed other similarly situated employees to work in excess of forty (40) hours in individual work weeks, and they did work in excess of forty (40) hours in individual work weeks.

17. Pursuant to 29 U.S.C. §207, for all time worked in excess of forty (40) hours in individual work weeks, Plaintiffs and other similarly situated employees were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

18. Defendants did not compensate Plaintiffs, and other similarly situated employees, at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

19. Defendants' failure and refusal to pay overtime wages to Plaintiffs, and similarly situated employees, for all time worked in excess of forty (40) hours per week was a violation of the FLSA, 29 U.S.C. §207.

20. Defendants willfully violated the FLSA by refusing to pay Plaintiffs' and similarly situated employee's overtime wages for all time worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiffs', and other similarly situated employees', hourly wage rate for all time which they worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.  Reasonable attorneys' fees and costs incurred in filing this action; and,

D.  Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages
### (Individual Plaintiffs only)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 20 of this Complaint, as if fully set forth herein.

21. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

22. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS §105/4(a).

23. During the course of Plaintiffs employment with Defendants, Defendants directed Plaintiffs to work in excess of forty (40) hours in individual work weeks, and Plaintiffs customarily did work in excess of fifty (50) hours in individual work weeks.

24. Pursuant to 820 ILCS §105/4(a), for all weeks during which Plaintiffs worked in excess of forty (40) hours, they were entitled to be compensated at one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

25. Defendants violated the IMWL by failing to compensate Plaintiffs at one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

26. Pursuant to 820 ILCS §105/12(a), Plaintiffs are entitled to recover unpaid wages for three years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times their regular hourly rate of pay for all time which Plaintiffs worked in excess of forty (40) hours in individual work weeks;

B. Damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing this action; and,

D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: April 23, 2008

s/John E. Untereker
JOHN E. UNTEREKER (ARDC # 6290945)
CHRISTOPHER J. WILLIAMS (ARDC #6284262)
Working Hands Legal Clinic,
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 795-9115

Attorneys for Plaintiffs

# EXHIBIT A

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below, I represent to the Court that I have been employed by Defendants ___G&J Investments and George Pappas___ within the prior three (3) years, that I have worked for Defendant in excess of forty (40) hours in individual work weeks and that I have not been paid all of the overtime wages owed to me. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

My name is: __J ANTONIO MUÑOZ__

Signature: __J ANTONIO MUÑOZ__

Date on which I signed this Notice: __4/22/08__

Christopher J. Williams
John E. Untereker
Working Hands Legal Clinic
77 W. Washington, Suite 1402
Chicago, Illinois 60602
(312) 795-9115

Attorneys for Plaintiffs

**NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF INA COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT**

By my signature below, I represent to the Court that I have been employed by Defendants _G & J Investments and George Pappas_ within the prior three (3) years, that I have worked for Defendant in excess of forty (40) hours in individual work weeks and that I have not been paid all of the overtime wages owed to me. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

My name is: _ANIBAL ANGELITO_

Signature: _[signature]_

Date on which I signed this Notice: _4/16 - 08_

Christopher J. Williams
John E. Untereker
Working Hands Legal Clinic
77 W. Washington, Suite 1402
Chicago, Illinois 60602
(312) 795-9115

Attorneys for Plaintiffs